UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **RICHARD ROCKHILL** | **CIVIL ACTION NO. 3:13-cv-3186** |
|     **LA. DOC #468163** | |
| **VS.** | **SECTION P** |
| | **JUDGE ROBERT G. JAMES** |
| **STEVE MAY, ET AL.** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

*Pro se* plaintiff Richard Rockhill, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on December 4, 2013. Plaintiff is an inmate in the custody of Louisiana's Department of Corrections; he is incarcerated at the Caldwell Corrections Center (CCC). He complains that Assumption Parish authorities have falsely accused him of the crime of terrorizing and have issued a detainer which may interfere with his scheduled release date of May 22, 2014. He also complained that the warrant, dated September 30, 2013, was not timely presented to the Assumption Parish District Attorney for review. He complained that prison officials at CCC failed to provide alibi evidence to the Assumption Parish authorities on his behalf. Finally, he complained, in general, of the Caldwell Sheriff's Office improper use of mace and Tazers.

He sued CCC Warden C. A. Frederick and Caldwell Parish Sheriff Steve May claiming that they could establish his innocence but have refused to do so. He sued Detective Lacomb of the Assumption Parish Sheriff's Office claiming that he has filed false charges. He prayed for compensatory damages and an order directing defendant Lacomb to "send me legal documents of the charge or take the detainer off of Rockhill;" he also prayed for an order directing Warden

Fredericks to "pull phone and mail logs to show Rockhill" has not written or called Assumption Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted.

*Statement of the Case*

Plaintiff's original complaint set out the broad contours of his claims for relief. As noted above, plaintiff alleged that he is not guilty of the charges filed by Detective Lacome and pending in Assumption Parish and that fact could be established by the defendants Sheriff May and Warden Fredericks who could supply proof to the authorities in Assumption Parish that plaintiff was incarcerated at CCC on the date that he was alleged to have committed the offense in question. Following initial review, he was instructed on the law and directed to amend his complaint to state a claim.[1]

---

[1] Plaintiff was instructed as follows: "Plaintiff has not alleged facts sufficient to support his claims. In order to successfully maintain a civil action arising under 42 U.S.C. §1983, a prisoner-plaintiff must allege facts showing that (1) the defendant deprived him of a right secured by the Constitution and the laws of the United States, and (2) the defendant was acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988). With respect to the complained of Assumption Parish detainer, plaintiff claims that the defendants, Sheriff May and Warden Federick could establish his innocence but refuse to do so. Here, plaintiff does not plead the deprivation of a right secured by the Constitution or laws of the United States. He should amend his complaint to allege fault on the part of each defendant.

Plaintiff also alleged that over the course of an unspecified period of time, 'Caldwell C.C. [have] used [too] much [mace]. You can only spray so much not the [whole] can until you can hear the air come out of the can and you can only by Tazed once every so often. I was hit 2 times by a tazer and never went to the Doctor...' To prevail on an excessive force claim, a plaintiff must establish: '(1) injury (2) which resulted directly and only from a use of force that was clearly excessive, and (3) the excessiveness of which was clearly unreasonable.' *Tarver v. City of Edna*, 410 F.3d 745, 751 (5th Cir. 2005); *Goodson v. City of Corpus Christi*, 202 F.3d 730, 740 (5th

On January 10, 2014, he responded to the amend order. [Doc. 9] He again claimed that defendants May and Frederick were asked to send prison records to the authorities in Assumption Parish in order to establish an alibi defense but have either failed or refused to do so. He also claimed that Frederick "refused law library" privileges on some unspecified date.  He again alleged that Lacome's charges against him are false and his actions amount to false arrest.

With regard to his claims concerning excessive force, he alleged, "no injuries was done, just too much mace and being hit by the tazer 2 times ... and never saw medical ..."

He concluded by stating that his rights to due process were violated when he was not allowed to see "legal documents."

*Law and Analysis*

*1. Screening*

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis.* As a prisoner seeking redress from an officer or employee of a governmental entity, his  complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir.1998) (*per curiam*). Because he is proceeding *in forma pauperis,* his complaint is also subject to screening under § 1915(e)(2).  Both § 1915(e)(2) (B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

---

Cir. 2000). Here plaintiff has appended his excessive force claims as an after thought to his wrongful arrest/imprisonment claims. He should amend his complaint to provide the facts necessary to establish that he was the victim of excessive force."

3

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

## *2. Section 1983 & The Younger Doctrine*

In order to successfully maintain a civil action arising under 42 U.S.C. §1983, a prisoner-plaintiff must allege facts showing that (1) the defendant deprived him of a right secured by the Constitution and the laws of the United States, and (2) the defendant was acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988). With respect to the complained of Assumption Parish detainer, plaintiff claims that the defendants, Sheriff May and Warden Federick could establish his alibi but have either failed or refused to do so. Here, plaintiff does not plead the deprivation of a right secured by the Constitution or laws of the United States. He was directed to amend his complaint to state a claim and his response was to submit allegations virtually identical to those he alleged in his original complaint. In short, plaintiff has failed to state a claim for which relief may be granted.

With regard to his claims concerning Detective Lacome, plaintiff has alleged, in conclusory fashion, that the charges lodged by Lacome are false and should be dismissed.

Further, read liberally, it appears that plaintiff asks this Court to intervene in an ongoing criminal prosecution in the Louisiana Courts. In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that federal courts must not exercise their jurisdiction in equity to intervene

in state criminal prosecutions absent truly extraordinary circumstances. *Id.* at 44. There is a three-prong test for determining whether the *Younger* abstention doctrine is applicable: (1) the dispute must involve an "ongoing state judicial proceeding," (2) an important state interest in the subject matter of the proceeding must be implicated, and (3) the state proceedings must afford an adequate opportunity to raise constitutional challenges. *Wightman v. Tex. Supreme Ct.*, 84 F.3d 188, 189 (5th Cir.1996). If those factors are satisfied, then the federal court may only enjoin a pending state criminal court proceeding if: (1) the state court proceeding was brought in bad faith or with the purpose of harassing the federal plaintiff, (2) the state statute is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence, and paragraph, and in whatever manner and against whomever an effort might be made to apply it," or (3) application of the doctrine was waived. *Younger*, 401 U.S. at 49, 91 S.Ct. 746; *Trainor v. Hernandez,* 431 U.S. 434, 446, 97 S.Ct. 1911, 52 L.Ed.2d 486 (1977); *DeSpain v. Johnston*, 731 F.2d 1171, 1180 (5th Cir.1984). Plaintiff is serving a sentence imposed by a Louisiana court; he has also been charged with another offense and is awaiting trial on those charges which have apparently been lodged in Assumption Parish. It appears that he is therefore the subject of an "ongoing state judicial proceeding;" further, the State of Louisiana has an important state interest in the subject matter of the proceeding; and finally, Louisiana law affords plaintiff with ample and adequate opportunities to litigate his constitutional and statutory challenges.

      Plaintiff has not established any grounds that would allow the Court to disregard abstention. Therefore, his complaint, insofar as it seeks the intervention of this Court into his on-going State court prosecution, should be dismissed pursuant to the *Younger* Doctrine.

*3. Access to Law Library*

Plaintiff asserted a new claim in his amended complaint – denial of access to the prison law library, and by implication the denial of his Constitutional right of access to the Court. "It has long been recognized that prisoners generally enjoy the constitutional right of access to the court." *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir.1999); *Bounds v. Smith*, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977); *Johnson v. Avery*, 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969). The right of access to the court is not unlimited, however, and includes "only a reasonable opportunity to file non-frivolous legal claims challenging [the prisoners'] convictions or conditions of confinement." *Id.* (citing *Lewis v. Casey*, 518 U.S. 343, 351, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996)). Put another way, "[w]hile the precise contours of a prisoner's right of access to the courts remain somewhat obscure, the Supreme Court has not extended this right to encompass more than the ability of an inmate to prepare and transmit a necessary legal document to a court." *Brewer v. Wilkinson*, 3 F.3d at 821; *Lewis v. Casey*, 518 U.S. at 351, 116 S.Ct. at 2179-81; *Norton v. Dimazana*, 122 F.3d at 290; and *Eason v. Thaler*, 73 F.3d 1322, 1329 (5th Cir.1996). Plaintiff has not shown how his ability to prepare and transmit legal documents has in any way been inhibited as a result of his inability to access the prison's law library.

Furthermore, in order to state a claim based on the denial of a prisoner's access to the courts, a plaintiff must show actual injury. *See Lewis v. Casey*, 518 U.S. 343, 351-54, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). He must "demonstrate[ ] that his position as a litigant was prejudiced by his denial of access to the court." *Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir.1996) (*per curiam*) (citing *Walker v. Navarro County Jail*, 4 F.3d 410, 413 (5th Cir.1993)). This requirement that a claimant show "actual injury" is "not satisfied by just any type of

frustrated legal claim." *Lewis*, 518 U.S. at 354. Plaintiff has not shown that he was prejudiced in his ability to litigate this law suit or any other with respect to the alleged fault of the defendants.

Plaintiff also alleged that the defendants refused him access to unspecified legal documents. Standing alone, this allegation likewise fails to state a claim for which relief may be granted.

*4. Excessive Force*

Plaintiff also implies that he was the victim of excessive force on unspecified dates when unnamed prison officials sprayed him with chemical agents and thereafter deployed a Tazer. This excessive force claim arises under the Eighth Amendment's prohibition against cruel and unusual punishment. In evaluating an excessive force claim under the Eighth Amendment the issue is whether the force alleged was applied maliciously and sadistically for the very purpose of causing harm, or whether the application of force was merely a good faith effort to maintain or restore discipline. *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010), quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992). The factors to be considered in determining whether the force applied was excessive include (a) the extent of injury sustained, if any, (b) the need for the application of force, (c) the relationship between the need for force and the amount of force utilized, (d) the threat reasonably perceived by prison officials, and (e) any efforts made to temper the severity of a forceful response. *Hudson v. McMillian, supra*, 503 U.S. at 7.

The United States Supreme Court has held that while the malicious and sadistic use of force to cause harm is actionable, "[t]hat is not to say that every malevolent touch by a prison guard gives rise to a federal cause of action." *Hudson*, 503 U.S. at 9, 112 S.Ct. at 1000. Rather, "[t]he Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes

from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Id.* at 9-10, 112 S.Ct. at 1000 (internal quotation marks omitted).

In its application of that maxim, the Fifth Circuit has held "... to support an Eighth Amendment excessive force claim a prisoner must have suffered from the excessive force a more than *de minimis* physical injury, but there is no categorical requirement the physical injury be significant, serious, or more than minor." *Gomez v. Chandler*, 163 F.3d 921, 924 (5th Cir.1999).

Here, plaintiff has supplied no facts which would allow the Court to conclude that the complained of uses of force were sadistic as opposed to justified. Further, by his own admission, the complained of uses of force resulted in no injury. In short, plaintiff failed to state a claim for which relief may be granted.

*Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED THAT** plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the**

proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, February 18, 2014.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE